# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**ABDIKADIR S. ABDI,**                  )
                                        )
        **Plaintiff,**     )     **Civil Action No.  3:15-cv-30223**
**v.**                                  )
                                        )     **JURY TRIAL DEMANDED**
**CORELOGIC SAFERENT, LLC,**            )
                                        )
        **Defendant.**      )
_____)

## COMPLAINT

## I.      PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended.*

## II.      JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.      PARTIES

4.    Plaintiff Abdikadir S. Abdi is an adult individual who resides in Springfield, Massachusetts.

5.    Defendant CoreLogic SafeRent, LLC, ("SafeRent") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence.  SafeRent regularly conducts business in the District of Massachusetts, and has a principal place of business at 2101 Gaither Road, Suite 400, Rockville, Maryland 20850.

## IV.   <u>FACTUAL ALLEGATIONS</u>

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7.      The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as a convicted criminal, and personal identifying information.

8.      Specifically, the inaccurate information includes, but is not limited to, charges/convictions of child endangerment, domestic abuse, and fugitive from justice in 2011 from Johnson, Iowa, which do not belong to Plaintiff, but instead belong to another individual with the same or similar name as Plaintiff's.

9.      The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background.  It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as being charged/convicted of child endangerment, domestic abuse, and fugitive from justice, because it mixed his criminal history with that of another person.

10.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

11.     Plaintiff has applied for and has been denied for and delayed in obtaining housing opportunities, including but not limited to, housing opportunities in April 2015.  Plaintiff has been informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for the denial.

12.     Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff.  Had Defendant followed such procedures it would not have falsely reported false convictions on Plaintiff's consumer report.

13.     Specifically, Defendant SafeRent did not use matching logic and algorithms that were designed to assure the maximum possible accuracy of the reports that Defendant sells.

14.      For example, when Defendant SafeRent prepares a consumer report it does not match criminal history information to the consumer using the consumer's full identifying information.

15.     Rather Defendant SafeRent prepares its consumer reports by matching only the consumer's first and last name to the criminal history information.

16.     SafeRent does not use a consumer's middle name or middle initial as one of the criteria that it matches when assembling a consumer's background report.

17.     SafeRent did not use middle name as a criteria when matching criminal record information in preparing the consumer report that it sold about Plaintiff.  *See Smith v. LexisNexis Screening Solutions Inc.*, 76 F. Supp. 3d 651 (E.D. Mich. 2014).

18.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

19.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

20.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.      CLAIMS

### COUNT ONE - FCRA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24.     At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

26.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.      JURY TRIAL DEMAND

27.     Plaintiff demands trial by jury on all issues so triable.

## VII.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)      Actual damages;

(b)      Statutory damages;

(c)      Punitive damages;

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

(e)      Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/  *Danielle M. Spang*
Danielle M. Spang (BBO #684365)
LAW OFFICE OF DANIELLE SPANG
P.O. Box 183
Somerville, MA 02143
Tel. (617) 612-5291
Fax (855) 220-3375
dspang@spanglawoffice.com

*Counsel for Plaintiff*
*Abdikadir S. Abdi*

Dated: December 22, 2015